IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

| | |
|---|---|
| MARIA SCHEELER, Administrator of the TEAMSTERS PENSION TRUST FUND OF PHILADELPHIA AND VICINITY and the TEAMSTERS HEALTH AND WELFARE FUND OF PHILADELPHIA and VICINITY <br><br> 2500 McClellan Avenue, Suite 140 <br> Pennsauken, NJ  08109 <br><br> *Plaintiffs*, <br><br> v. <br><br> JOHN CURRY, INC. <br><br> 5050 Central Highway <br> Pennsauken, NJ  08109 <br><br>   Serve:  Eric Moses <br>       5050 Central Highway <br>       Pennsauken, NJ  08109 <br><br> *Defendant*. | **COMPLAINT** <br>  Case No. |

## COMPLAINT

Plaintiff, the Administrator of the Teamsters Pension Trust Fund of Philadelphia (and Vicinity (the "Pension Fund") and the Teamsters Health and Welfare Fund of Philadelphia and Vicinity (the "Health Fund") (collectively, the "Funds"), by counsel, hereby files this Complaint against Defendant, John Curry, Inc.  Plaintiff seeks a judgment awarding delinquent contributions, interest, liquidated damages, attorneys' fees, and costs.

## INTRODUCTION

1. This is an action brought pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145. This action arises from Defendant's failure to submit payment of employee benefit contributions pursuant to ERISA and LMRA covered trust agreements and collective bargaining agreements.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145.

3. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Pension Fund is administered in this District.

## PARTIES

4. The Pension Fund is an employee pension benefit fund within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), as well as a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

5. The Health Fund is an employee welfare benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1), as well as a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

6. Plaintiff Maria Scheeler is the Administrator of both the Pension Fund and the Health Fund, and is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Pursuant to Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145, the Administrator is authorized to bring this action on behalf of the Pension Fund and the Health Fund and their participants and beneficiaries, for the purpose of collecting delinquent contributions and other amounts.

7. Upon information and belief, Defendant John Curry is a corporation with its principal place of business at 5050 Central Highway, Pennsauken N.J., 08109. Defendant is an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in an industry affecting commerce within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12). Furthermore, Defendant is an "employer" within the meaning of Section 2(2) of the LMRA, 29 U.S.C. 152(2), whose activities affect commerce within the meaning of Section 2(7) of the LMRA, 29 U.S.C. § 152(7).

## FACTUAL BACKGROUND

8. Plaintiffs reallege and incorporate herein paragraphs 1-7.

9. Defendant employs employees represented for the purposes of collective bargaining by Teamsters Local Union No. 107 (the "Union"), a labor organization representing employees in an industry affecting interstate commerce.

10. Defendant and the Union, at all times pertinent to this action, were parties to a Collective Bargaining Agreement ("CBA"). The CBA provided for the rates of pay, wages, hours of employment, and other conditions of employment for Haynes' employees covered by said CBA. The CBA also obligated that Defendant to make monthly contributions to the Pension Fund and the Health Fund for all employees covered by the CBA. The CBA provided that Defendant would make the contributions using forms remittance reports supplied by the Funds. The CBA stated that "monthly payments shall be submitted to the [Funds] on or before the twenty-eighth (28th) day of the month following the month in which these moneys were accrued."

11. For both the Pension Fund and the Health Fund, the CBA also provided that "[f]ailure on the part of an Employer to contribute as specified hereinabove shall make it liable

for all claims, damages, attorney's fees, court cost [*sic*] and all arrears in payments, plus ten percent (10%) as liquidated damages."

12. Notwithstanding the due date, the CBA further provided that Defendant would not be assessed liquidated damages unless its contributions were made more than seven calendar days after the due date.

13. Defendant has repeatedly failed to honor its obligations under the CBA, and has consistently paid its contributions in a delinquent fashion.

14. For the month of December 2019, Defendant did not contribute to the Pension Fund by January 28, 2020, and has not yet submitted remittance reports to the Fund showing the contributions due for December 2019. Accordingly, Defendant owes an undetermined amount to the Pension Fund, which is now delinquent.

15. For the month of December 2019, Defendant did not contribute to the Health Fund by January 28, 2020, and has not submitted remittance reports to the Fund showing the contributions due for December 2019. Accordingly, Defendant owes an undetermined amount to the Health Fund, which is now delinquent.

16. For the month of November 2019, Defendant contributed to the Pension Fund more than seven calendar days after the 28th day following the months in which the November contributions accrued, and so has been assessed 10% liquidated damages, or $1,750.98, for that month. Defendant has paid $490.47 towards those liquidated damages. Therefore, to date, Defendant owes the Pension $1,260.51 in liquidated damages.

17. For the months of October and November 2019, Defendant contributed to the Health Fund more than seven calendar days after the 28th day following the months in which the October and November contributions accrued, and so has been assessed 10% liquidated damages

for those months.  Defendant owes $1,669.93 in liquidated damages for the delinquent October 2019 contribution, and $1,511.58 in liquidated damages for the delinquent November 2019 contribution.  Therefore, to date, Defendant owes the Health Fund $3,181.51 in liquidated damages.

## COUNT I

### Violation of Section 515 of ERISA

18. Plaintiffs reallege and incorporate herein Paragraphs 1 through 17.

19. Section 515 of ERISA, 29 U.S.C. § 1145, provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

20. By the foregoing conduct, Defendant has violated Section 515 of ERISA, 29 U.S.C. § 1145.

21. Section 502(g) of ERISA, 29 U.S.C. § 1132(g), requires the court to award liquidated damages of up to twenty percent (20%) as provided under the terms of an agreement, in addition to the amount of unpaid contributions, interest, reasonable attorneys' fees, and costs when judgment is entered in favor of an employee benefit plan for unpaid contributions.  ERISA further provides that interest shall be determined by using the rate specified in the agreement, or if none is so specified, at the rate prescribed in section 6621 of the Internal Revenue Code.

22. The CBA and the Funds' Trust Agreements do not specify an interest rate for delinquent contributions.

23. Defendant is therefore liable for an undetermined amount for its December 2019 contributions to the Pension Fund and Health Fund; $4,402.02 in liquidated damages;

interest on the delinquent contributions from the date due, assessed at the rate prescribed by Code Section 6621; any additional contributions or liquidated damages that become delinquent or owing during the pendency of this action, or which become ascertainable based on the Funds' review of the Defendant's employment records; reasonable attorney's fees; and the costs of this action.

**WHEREFORE,** Plaintiffs pray that the Court:

(A) Enter judgment in favor of the Pension and Health Funds against Defendant for:

    (1) December 2019 contributions to the Pension Fund and Health Fund, in an undetermined amount;

    (2) Liquidated damages owed to the Pension Fund in the amount of $1,750.98, as required by the CBA and by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

    (3) Liquidated damages owed to the Health Fund in the amount of $3,181.51, as required by the CBA and by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

    (4) Interest on all amounts from the dates they became due assessed at the rate prescribed under Code Section 6621, as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

    (5) Any additional contributions or liquidated damages that become delinquent or owing during the pendency of this action, or which become ascertainable based on the Funds' review of the Defendant's employment records;

    (6) Attorneys' fees and other costs and disbursements in this action as required by the CBA and by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2); and

(B) Grant such other and further relief as the Court may deem just.

Dated:  January 31, 2020

Respectfully submitted,

s/Ann Marie Effingham
Ann Marie Effingham
MORGAN, LEWIS & BOCKIUS
502 Carnegie Center
Princeton, New Jersey 08540
(609) 919-6682 (tel)
(609) 919-6701 (fax)

Thomas K. Wotring
MORGAN, LEWIS & BOCKIUS
1111 Pennsylvania Avenue
Washington, DC 20004
(202) 739-3000 (tel)
(202) 739-3001 (fax)


Counsel for Plaintiffs